## McGOWAN *v.* ELROY.

APPEALS; CITATION; NOTICE; DISMISSAL OF APPEAL; RECORDS ON APPEAL;
BILL OF REVIEW; PARTIES.

1. Under the rule of court requiring service of citation on appeal, sufficient notice of an appeal is given where the citation is served on the attorney of record of non-resident parties.

2. Although one of the provisions of the rule of court applying to transcripts on regular appeal has not been observed, yet, where no essential part of the record has been omitted, and where the omission has not prejudiced the appellee, the appeal should not be dismissed for failure to observe the requirements of the rule.

3. An objection that formal parties are not joined in a bill of review, taken for the first time on appeal, is too late. (Following *Landram v. Jordan,* 25 App. D. C. 291.)

No. 1677. Submitted June 7, 1906. Decided June 7, 1906.

HEARING on a motion by one of several appellees to dismiss an appeal. *Denied.*

*Mr. Charles Bendheim* and *Mr. E. Burke* for the motion.

*Mr. C. T. Hendler* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Three of the appellees in this cause, appearing specially by attorney, have moved to dismiss the appeal. It appears that the citation on appeal was served on the attorney of record, who is one of the attorneys appearing specially on this motion. The rule of this court requires service of citation on appeal, but does not state how the same shall be made. Ordinarily, of course,

the proper service would be upon the parties. Many of these, it seems, are nonresidents. As service was made upon the attorney of record for the parties in the court below, and who appeared here on behalf of this motion, we think sufficient notice of the appeal has been given.

It may be that the decree appealed from was such a final decree as should have been appealed from to this court without leave. The parties, however, being in doubt, made their application for a special appeal, which has been allowed. The appeal bond was filed in sufficient time, and there can be no question but that the appeal is regularly before the court.

One of the provisions of the rule of this court applying to transcripts on regular appeals seems not to have been observed in this case, but, as no essential part of the record seems to have been omitted, the appeal would not be dismissed for failure to observe the requirements of the rule where the omission has not operated to the prejudice of the appellee.

Another ground of the motion is that certain of the necessary parties defendant to the bill of review were omitted therefrom. It appears that the parties omitted were four formal parties as husbands of the real parties in interest. No objection was made to the bill on this ground in the court below, and the appeal cannot be dismissed for that reason. *Landram* v. *Jordan,* 25 App. D. C. 296.

The motion is *denied, with costs.*